Ruffin, C. J.
 

 The will is so imperfectly expressed, that it is very difficult to put a sensible and consistent con»
 
 *89
 
 struction on it, and one cannot be sure, that a decision either way would be carrying out the intention of the testator. Indeed, we think it probable that the actual purpose in this case, if it had been expressed, or as it would have been expressed if the attention of the testator had been drawn to it, will not be effectuated by the construction whi^h we are obliged to put on this disposition by the language used and the' settled principles of interpretation.
 

 As to the negro woman Penny, herself, clearly the decree cannot be supported. No doubt, she belongs to the plaintiffs ;but she is their legal property, and may be recovered from the possessor in detinue. The assent of the executors, to the gift for life to Mrs. Hurdle, does not appear to have been, in any manner, qualified ; and a general assent to the legacy to the first taker, enures as an assent to the remainder-man, and the executor is no longer liable to the remainder-man. That is settled doctrine, and has been very recently acted on in the c'ases of
 
 Howell
 
 v.
 
 Howell,
 
 3 Ired. Eq. 528, and
 
 Acheson
 
 v.
 
 McCombs,
 
 lb. 554.
 

 There is more doubt as to the three children and, possibly, we may be'disappointing the expectations of the‘ testator, as to the effect which he thought would be given to his words, while we are governed by his intention as-expressed by his words. But we believe this case must be determined by the general rule, that “ increase” means only the issue born after the testator’s death. It may be carried back upon the apparent intent, so as to include issue born after the making of the will, or even that before, by any words of reference to a period from' which the birth- of the issue, that is to pass, shall be counted, as was stated in-
 
 Hurdle
 
 v.
 
 Elliott,
 
 1 Ired. 177, and
 
 Stultz
 
 v.
 
 Kizer,
 
 1 Ired. Eq. 538. But there is no such word of reference here. “ All her increase,” means, in- this- case, no< more than “ increase”
 
 per se.
 
 It is very clear, that, in thegift to the plaintiffs,- the testator meant to give only such»
 
 *90
 
 negroes, namely. Penny, and her increase, as were per* sonally given to their mother for life ; and it is probable that he may have used that term “ increase,” because he thought that, without it, the future issue of Penny would belong to the daughter, as
 
 tenant
 
 for life. Now, it is apparent, that the two children, Harry and Kate, born before the will was made, are not; given,-by it to Mrs. Hnrdle for life, but are either given to her absolutely, or fall into the residue. For the words are, “ I give my daughter Clarissa
 
 all
 
 the property I have
 
 heretofore
 
 possessed her with,
 
 except Penny,
 
 which I lend to her during life.” It is to bo noted, that the gift is not of such property as the testator had put into the possession of the daughter, and was. then in her possession. But it is of
 
 all
 
 property which he had, at any time before, put into her possession, though it might not then be in her possession, but was in that of the testator himself. That is the operation of the word “ heretofore,” of itself. But that is confirmed by the exception of Penny: for„it is the nature of an
 
 exception
 
 to take out of a disposition what, but for the exception, would pass by it. The testator thus, gives us to understand, that he knew that his daughter would have Penny, under the general terms of the gift to her of all the property he had theretofore put into her possession ; and therefore, since Penny alone is excepted, and not her two children then born, and that had been with their mother in the possession of the daughter, the conclusion logically follows, that those two children cannot be embraced in the exception but were left, under the operation of the previous disposition, in absolute property to the daughter. Indeed, it may well be supposed, that, while the testator was, in view of his- son-in-law’s imprudence, making some permanent provision for his daughter’s children, in the bequest of Penny and her subsequent issue, he thought it but right to leave to the daughter herself and her husband, the two young negroes, not only as a provision of his bounty for them, but as justly their
 
 *91
 
 right in remuneration for their care and nurture of them at their birth and for some years afterwards. If that he the correct view of the will, those two negroes still belong to the daughter’s executor, as the executors of the father never assented to the legacy as regards them, and they were not reduced into the.possession of the husband. But, if that were not the correct interpretation of the clause, and Harry and Kate are not given in entire property to Mrs. Hurdle, then they are not given to her at all, as the gift to her is of Penny
 
 nominatim,
 
 and
 
 she
 
 only gets her increase, as included in Penny herself, that is, such as should be born after the will went into effect upon the death of the testator. If Mrs. Hurdle was not to have
 
 them,
 
 we cannot think the testator meant the plaintiffs should : because the plaintiffs are to have nothing until their mother’s death, and why postpone their enjoyment of these two slaves until that event, when the mother was to have no benefit from them. It is not natural, that those two children should be separated from the mother in their infancy and kept as an unproductive part of the general residuum. Besides, the gift over to the plaintiffs is not upon their mother’s death, whereas the residuum is to belong to the .testator’s widow for her life, and then be divided between Mrs. Hurdle, and two other children of the testator. It is not necessary now to say, whether those two negroes belong to Mrs. Hurdle’s representative, or fall into the residue of the testator’s estate ; as, in either case, the plaintiffs have no right to them. Still weaker is the claim to Kitty, who never was in possession of Hurdle, but was born after the testator resumed the possession of Penny, and remained in his possession to his death. Clearly, the plaintiffs’ mother did not take that negro, either absolutely or for life; and unless she had taken in the latter manner, the plaintiffs, as has been already mentioned, were not intended to take, as far as we can see; and they cannot take her under the-term “increase” merely.
 

 
 *92
 
 The decree must therefore be reversed, and the petition dismissed ; and the plaintiffs must pay all the costs.
 

 Per Cuiuari. ■ Pecreed accordingly.